**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHARGES BROWN,                     )<br>           Movant,           )<br>                                                )<br>     vs.                                      )<br>                                                )<br>UNITED STATES OF AMERICA.  ) | 1:08-cv-891-SEB-JMS<br>IP 05-068-CR-1-B/F |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

      A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). Because movant Charles Brown has failed to make such a showing here, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

      1.    Brown was charged in No. IP05-68-CR-01-B/F with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), and was convicted of that offense after a 2-day jury trial in October 2005. His conviction was affirmed on appeal in *United States v. Brown,* 214 Fed.Appx. 618 (7th Cir. 2007).

      2.    As noted above, Brown now challenges his conviction pursuant to § 2255. His claims supporting this challenge are the following:

    a.    He was denied the effective assistance of counsel when his attorney advised him not to testify at trial;

    b.    He was denied the effective assistance of counsel through the manner in which his attorney cross-examined two government witnesses; and

    c.    He was denied the effective assistance of counsel when his attorney failed to challenge the mandatory minimum sentence under 18 U.S.C. § 924(e).

3.    The common theme to the above claims is the question of assistance of counsel. The Supreme Court set forth the legal principles that govern claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984); *see also Wiggins v. Smith,* 539 U.S. 510 (2003). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins,* 539 U.S. at 521 (citing *Strickland,* 466 U.S. at 687). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland,* 466 U.S. at 687). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

    a.    With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting 466 U.S. at 687); *see also Kokoraleis v. Gilmore,* 131 F. 3d 692, 696 (7th Cir. 1997).

    b.    With respect to the prejudice requirement, Brown must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003).

4.    Applying the above standard, Brown's claims fail.

    a.    The Supreme Court has long treated the decision whether to testify as a decision for the defendant to make. The defendant is entitled to competent advice of counsel, but in the end it is the defendant's decision. See *Jones v. Barnes,* 463 U.S. 745, 751 (1983)(citing *Wainwright v. Sykes,* 433 U.S. 72, 93 n.1 (1977))

(Burger, C.J., concurring). The Seventh Circuit has also recognized that "the right to testify in one's own behalf is a personal one which may not be waived by counsel." *United States v. Curtis,* 742 F.2d 1070, 1076 (7th Cir. 1984)(denying relief, however, where evidence showed that defendant intended to testify falsely). Brown's situation at trial included knowledge that he had the right to testify. He made the decision not to do so based on the advice of his attorney. Neither prong of *Strickland* is satisfied. Brown's attorney, as did Brown himself, knew of Brown's extensive criminal record and the devastating impact of this information–and the record of violence which accompanied it–if the jury learned of it. It was not deficient performance to give this advice. As to prejudice, Brown does not suggest any information to which he could have testified which could plausibly have overcome the effect of the government's case. Because Brown has not shown that, but for his attorney's asserted error in advising Brown to not testify at trial, there is a reasonable probability that the result of the trial would have been different, he has not met the "prejudice" prong of *Strickland.*

b.      Brown's second specification of attorney ineffectiveness is the manner in which his attorney cross-examined two key government witnesses. Again, it is the element of prejudice which is absent as to this specification. The nature and quantity of the evidence of Brown's guilt leaves no doubt in this Court's view that, regardless of counsel's cross-examination, there is no probability sufficient to undermine confidence in the outcome.

c.      Section 924(e)(1) states: "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). There is no constitutional or other infirmity in this mandatory minimum. *United States v. Reynolds,* 215 F.3d 1210 (11th Cir. 2000); *United States v. Villar,* 184 F.3d 801 (8th Cir.1999); *United States v. Cardoza,* 129 F.3d 6 (1st Cir. 1997); *United States v. Presley,* 52 F.3d 64 (4th Cir. 1995); *United States v. Warren,* 973 F.2d 1304 (6th Cir. 1992); *United States v. Hayes,* 919 F.2d 1262 (7th Cir. 1990); *United States v. Baker,* 850 F.2d 1365 (9th Cir. 1988). It was not deficient performance for Brown's attorney to have averted a futile argument otherwise. *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)( "[i]t is not deficient performance to fail to raise an argument with no real chance of success").

5.      Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). A reviewing court examines counsel's work as a whole. *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). Brown's bid to lay prejudicial blame at the feet of his attorney in the circumstances of this case exceeds the boundaries of a credible complaint. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

The same is ineluctably true as to Brown's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to these claims, based on either the performance prong or the equally important requirement that he suffered prejudice.

      6.      To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States,* 417 U.S. 333 (1974); *Hill v. United States,* 368 U.S. 424, 428 (1962). Brown has singularly failed to show either deficient performance or prejudice in his attorney's representation. *See United States v. Gonzalez-Lopez,* 126 S. Ct. 2557, 2563 (2006)("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue there–*effective* (not mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have). His attorney was constitutionally sufficient throughout all proceedings. For the reasons explained above, therefore, Brown is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion is **denied,** and judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 03/24/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana